# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*June 09, 2021*
Nathan Ochsner, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

HP Computer, Serial Number: 4CE7513KLN; Dell Computer, Service Tag: 4RZLB4Z; Samsung Tablet, S/N: R52J20K0ASE; Samsung Tablet, S/N: R22F7004ESD

Case No. **3:21-mj-155**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, Section 841 and 846 | Conspiracy to Possess Controlled Substance with Intent to Distribute |
| Title 18, Section 1956 | Conspiracy to Launder Monetary Instruments |

The application is based on these facts:
(See the Affidavit In Support of Search Warrant)

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Forrest Gandy, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___Telephone___ *(specify reliable electronic means)*.

Date: 6-9-21

City and state: Galveston, Texas

*Judge's signature*

Hon. Andrew M. Edison, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>HP Computer (Tower), Serial Number: 4CE7513KLN<br><br>Dell Computer (Tower), Service Tag: 4RZLB4Z (Manufacture date 2015/03/11)<br><br>Samsung Tablet Computer, Serial Number: R52J20K0ASE<br><br>Samsung Tablet Computer, Serial Number: R22F7004ESD | Case No. **3:21-mj-155**<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Forrest Gandy**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. This affidavit supports an application for a warrant to search and seize evidence from: one (1) HP Computer (Tower), Serial Number Samsung cellular phone 4CE7513KLN; one (1) Dell Computer (Tower), Service Tag Number 4RZLB4Z and Manufacture Date 2015/03/11; one (1) Samsung Tablet Computer, Serial Number R52J20K0ASE; and one (1) Samsung Tablet Computer, Serial Number R22F7004ESD, (hereinafter **Target Computers**) currently in the possession of the Federal Bureau of

Investigation, 1 Justice Park, Houston, Texas, and more particularly described in Attachment A, incorporated herein.

2. I am a Peace Officer with thirteen (13) years of service and am currently commissioned with the **La Marque Police Department (LMPD)** and assigned as a Task Force Officer (TFO) with the **Federal Bureau of Investigation (FBI)**. I have participated in investigations of drug trafficking and have conducted or participated in surveillance operations, the executions of search warrants, debriefings of informants, cooperating defendants, and cooperating witnesses, and reviews of taped conversations. Through my training, education and experience, I have become familiar with the manner in which drug traffickers conduct their operations, including but not limited to, their methods of importing and distributing controlled substances, use of telecommunication devices to include cellular telephones, use of counter surveillance techniques, and use of numerical codes and coded and/or cryptic language, words, and references to conduct their transactions.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, §§ 841 and 846, in addition to Title 18, United States Code 1956(a)(1)(B)(i) and (h) (the **"Target Offenses"**) have been committed by **SMITH Jones** and **LEKISHA Jones**.

There is also probable cause to believe that that within the items described in paragraph 1, there is (1) evidence of the crime; (2) fruits of a crime; and (3) property designed for use, intended for use, or used in committing a crime.

## PROBABLE CAUSE

5. On March 25, 2021, agents with the Federal Bureau of Investigation (FBI), the FBI Safe Streets Task Force and the La Marque Police Department served a federal search warrant on the residence of **SMITH Jones** and **LEKISHA Jones**, located at 14822 Sparkling Bay Lane, Houston, Texas. An arrest warrant, pursuant to a Federal Indictment, was also served on both **SMITH Jones** and **LEKISHA Jones**. **SMITH Jones** was charged with Conspiracy to Distribute Cocaine and Possession of Cocaine with Intent to Distribute. Further, **SMITH Jones** and **LEKISHA Jones** were both charged with Conspiracy to Launder Monetary Instruments.

6. During the course of the search on **SMITH Jones** and **LEKISHA Jones'** residence, investigators seized a significant quantity (approximately 127 grams) of powder cocaine, digital scales with suspected cocaine residue, and approximately $60,000 in U.S. currency. The suspected cocaine, currency, and scales were primarily located in the master bedroom, shared by **LEKISHA Jones** and **SMITH Jones,** and the kitchen.

7. In addition to the cocaine, scales, and currency, several computers and computer tablets were located and seized from inside the residence, described in paragraph 1. Based upon my knowledge of the investigation and the evidence recovered from inside the residence, I believe that **SMITH Jones** and **LEKISHA Jones** were involved in an

3

ongoing conspiracy to distribute cocaine and launder the proceeds derived from the drug sales.

8. During the course of the investigation, which involved controlled drug purchases, the use of pole cameras, physical surveillance, traffic stops, and multiple Title III Wiretaps, **SMITH Jones** utilized multiple cellular phones and mobile devices to facilitate his drug sales. I know that drug traffickers commonly use computers and computer tablets to keep records of drug transactions. I know that computers and computer tablets can contain financial records, property records, tax records, the location of illegally obtained proceeds, and similar records. I know that such computers are likely to contain evidence of money laundering, of which **LEKISHA Jones** and **SMITH Jones** were indicted.

9. Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that evidence concerning the narcotics activities and the laundering of currency, committed by **SMITH Jones**, **LEKISHA Jones** and their co-conspirators, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures, financial records, property records, tax records, the location of illegally obtained proceeds, similar records. and other digital information are stored in the memory of **Target Computers** described herein.

4

## METHODOLOGY

10.     Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive, deleted or viewed via the Internet. Electronic files downloaded to a hard drive can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using readily available forensics tools. This is so because when a person "deletes" a file on a home computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the hard drive that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. c. Similarly, files that have been viewed via the Internet are typically automatically downloaded into a temporary Internet directory or "cache." The browser often maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages or if a user takes steps to delete them. Based on the foregoing, and consistent with Rule 41 (e) (2) (B), the warrant, I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

5

11. Based upon my knowledge, training and experience, I know that searching for information stored in computers often requires agents to seize most or all electronic storage devices to be searched later by a qualified computer expert in a laboratory or other controlled environment. This is often necessary to ensure the accuracy and completeness of such data, and to prevent the loss of the data either from accidental or intentional destruction.

12. Additionally, to properly examine those storage devices in a laboratory setting, it is often necessary that some computer equipment, peripherals, instructions, and software be seized and examined in the laboratory setting. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

13. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

14. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that defendants **SMITH Jones** and **LEKISHA Jones** used the Target Telephones to facilitate their involvement in a conspiracy to distribute

cocaine and conspiracy to launder monetary instruments. Target Telephones were likely used to in furtherance of violations of Title 21, United States Code, Sections 841 and 846. Target Telephones were likely used to in furtherance of violations of Title 18, United States Code, Section 1956. I also believe that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by **SMITH Jones and LEKISHA Jones** continues to exist on Target Telephones. WHEREFORE, I request that the court issue a search warrant for the items in paragraph 1 to seize the evidence in Attachment B.

Respectfully submitted,

_____
TFO Forrest Gandy
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically on this __9th__ day of __June__, 2021, and I find probable cause.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

7

## ATTACHMENT A

### Property to Be Searched

One (1) HP Computer (Tower), Serial Number Samsung cellular phone 4CE7513KLN; one (1) Dell Computer (Tower), Service Tag Number 4RZLB4Z and Manufacture Date 2015/03/11; one (1) Samsung Tablet Computer, Serial Number R52J20K0ASE; and one (1) Samsung Tablet Computer, Serial Number R22F7004ESD, (hereinafter **Target Computers**)

## ATTACHMENT B

All records to be searched for and seized on the Target Telephones described in Attachment A relates to conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846, and conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956, which involves **SMITH Jones** and **LEKISHA Jones** and others, including:

1. All records relating to violations of the statutes listed on the warrant and involving **SMITH Jones, LEKISHA Jones**, including:

    a. lists of customers and related identifying information; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    b. any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

    c. any information recording schedule or travel

    d. all bank records, checks, credit card bills, account information, and other financial records.

2. Any computers or electronic media that were or may have been used as a means to commit the offenses described on the warrant.

3. For any computer hard drive or other electronic media (hereinafter, "MEDIA") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

    a. evidence of user attribution showing who used or owned the MEDIA at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, saved usernames and passwords, documents, and browsing history;

    b. passwords, encryption keys, and other access devices that may be necessary to access the MEDIA;

    c. Documentation and manuals that may be necessary to access the MEDIA or to conduct a forensic examination of the MEDIA.

4. Records and things evidencing the use of the Internet Protocol address, including:

    a. routers, modems, and network equipment used to connect computers to the Internet;

    b. records of Internet Protocol addresses used;

    c. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or

3

electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies).